UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL J.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. 24-5923-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by not complying with the Appeals Council's instructions to reevaluate the medical opinion evidence. (Dkt. # 12.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 18.) Plaintiff filed a reply. (Dkt. # 19.) Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1965, has at least a high school education, and has worked as a merchandiser, mechanic, painter, and conveyor maintenance mechanic. AR at 1224. Plaintiff was last gainfully employed in June 2015. *Id.* at 1212.

In March 2018, Plaintiff applied for benefits, alleging disability as of July 1, 2015. AR at 278-87, 331. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 120-33, 142-52. After the ALJ conducted a hearing in December 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-38.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision to this Court, and in July 2022, this Court issued an order remanding the matter. *Id.* at 1239-41. The Appeals Council then directed the ALJ to reevaluate the medical source opinions and prior administrative findings. *Id.* at 1135-36, 1245.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff's severe impairments include degenerative disc disease of the lumbar, thoracic, and cervical spine; degenerative joint disease; and chronic obstructive pulmonary disease. AR at 1139. He has the residual functional capacity ("RFC") to perform light work except he can occasionally climb ladders, ropes, and scaffolds, can occasionally crawl, and can reach overhead bilaterally. *Id.* at 1145. As jobs exist in significant numbers in the national economy that he can perform, he is not disabled. *Id.* at 1151-52.

Plaintiff's appeal followed. (Dkt. # 4.)

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### IV. DISCUSSION

A.  **The ALJ Did Not Err in Evaluating Medical Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). These

findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In April 2018, Dr. John Richard Coe performed a consultative evaluation and concluded that Plaintiff could lift and carry 25 pounds occasionally and 15 pounds frequently, stand and walk for less than one hour total, sit for a full day with frequent positional changes and rest breaks, and needed the ability to stop and rest periodically. AR at 707-17. The ALJ found this opinion unsupported, referencing Dr. Coe's objective exam findings of no ataxia or dyspnea, normal breath sounds, good muscle tone bilaterally, good active motion, full strength in all extremities, and a normal gait. *Id.* at 1149-50 (citing *id.* at 710-13).

Plaintiff argues the ALJ ignored the medical imaging referenced by Dr. Coe and mischaracterized his treatment notes. (Dkt. # 12 at 10-17.) The record tells a different story. Although Dr. Coe referenced limited imaging and incomplete hospital records, he explicitly stated that his evaluation was based on Plaintiff's self-reported information and his own examination findings and observations. AR at 708-09, 713-14. The ALJ thus reasonably concluded that Dr. Coe's unremarkable physical exam findings and observations did not support the severe limitations he indicated. *Id.* at 1149-50. Plaintiff avers that Dr. Coe's findings could be interpreted differently and, in any case, do not contradict his opined limitations. (Dkt. # 12 at 13-17.) But where evidence can support more than one rational interpretation, the ALJ's decision must be upheld. *Smartt*, 53 F.4th at 494-95. Moreover, the ALJ did not cite Dr. Coe's findings as evidence contradicting his limitations; instead, the ALJ found them insufficient to support the severe restrictions Dr. Coe expressed.

Even if there were an error regarding supportability, however, the ALJ also found the opinion inconsistent with the overall record. *See Woods*, 32 F.4th at 793 n.4 (even if an opinion

ORDER - 4

is supported, an ALJ may find it unpersuasive because it is inconsistent with the record). The ALJ cited Plaintiff's conservative treatment, lack of distress in exams, typically stable gait, and active lifestyle—riding and polishing a motorcycle, obtaining a commercial driver's license, feeding chickens, maintaining hygiene, cooking, cleaning, doing laundry, traveling across the country, and moving from coast-to-coast—and reasonably determined these facts contravened Dr. Coe's limitations. AR at 1147-50 (citing, *e.g.*, *id.* at 455, 459, 466, 489, 492, 713, 718-20, 727, 739, 792, 800, 814, 843, 856, 1539, 1541). Plaintiff did not challenge these consistency findings on appeal. *See Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issues not specifically argued in an appellant's opening brief are generally not considered on appeal). Accordingly, substantial evidence supports the ALJ's evaluation of Dr. Coe's opinion.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 27th day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5